ANN WOODLAND *v.* THOS. H. FOULDS, ETC.

**Injunction—Perpetuation of.**

It was held that neither the pleading nor the evidence on which a case was submitted authorized a perpetuation of the injunction against a judgment.

APPEAL FROM PENDLETON CIRCUIT COURT.

October 10, 1873.

OPINION BY JUDGE HARDIN:

It is alleged in the petition that the fee to one-third of the property is in the heirs of Casper Sharp, deceased, who purchased the property of A. Robins and sold and conveyed one-third of it to Foulds and another third to Burk, who afterwards sold his interest to Foulds, who thus acquired title to two-thirds of the property. By the petition and the amendment thereto, it is also sufficiently alleged that both Foulds and his vendee and assignor, Goulding, are insolvent, and also that they and Trimble, the admitted owner of the judgment enjoined as Foulds' assignee, are non-residents of Kentucky. If these averments are true, the appellant is entitled, in a court of equity, to indemnity as protection against ultimate loss by the assertion of the title of Sharp's heirs before the judgment against her should be enforced by Trimble, the remote assignee

of Goulding and immediate assignor of Foulds, notwithstanding
the acceptance of the deed and warranty of Goulding, for otherwise
she would, in consequence of the insolvency as well as non-residence
of Goulding and Foulds, be without any available remedy, however
great the danger might be of loss to her on account of the title of
Sharp's heirs; and especially so, as it does not appear that she has
any remedy upon the warranty of Robins as any other remote vendor
of Sharp.

The answer of Trimble controverts the alleged insolvency of
Goulding and Foulds, but not their non-residence. They filed no
answer and are proceeded against as non-residents. If the alleged
fact that Sharp, at his death, had title to the extent of one-third of
the property, is controverted by the warning order as to Goulding
and Foulds, it is in effect admitted by the answer of Trimble, the
beneficial claimant of the judgment enjoined, and the fact is, more-
over, substantially proved by the parol evidence, although, by some
strange omission, no deeds are filed, either to or from Sharp.

The evidence conduces to show that Sharp has living collateral
heirs, whose rights in the property are not barred by limitation, and
the court might properly have ordered that they be brought before it,
constructively or otherwise, under Section 40 of the Civil Code of
Practice, as well that their rights might be protected, and that the
future presentation of their claims might be barred by the judgment
of the court. Neither the pleadings nor evidence on which the case
was submitted are such as to authorize a perpetuation of the in-
junction to any part of the judgment, nor did they, in our opinion,
require the judgment rendered dissolving the injunction and dis-
missing the petition. The only action the court should have taken
was such interlocutory and preparatory steps as would lead as
speedily as possible to the indemnity as surety of the appellant
against loss or injury arising from the defect of title, and appre-
hended breach of warranty which, as the case is now presented,
would afford him no adequate remedy in case of an eviction by
Sharp's heirs or an escheat of his title to the commonwealth. In
either event, should it happen, she will be entitled to permanent re-
lief against the judgment to the extent of the injury thereby sus-
tained by the court unless indemnified against it. Unless such in-
demnity be given, of the liability to loss as aforesaid remained by a
release, and such preparation made as to enable the court to adjudge

the appellants both good as against those who may have been en-
titled to Sharp's interest in the property, the court should retain
control of the case with the temporary injunction, and in the mean-
time order the heirs of Sharp to be brought before this court.

Wherefore the judgment is reversed and the cause remanded for
further proceedings not inconsistent with this opinion.

Judge Lindsay dissenting.

*Lee, for appellant.*

*Carlisle, for appellee:*